United States District Court
Southern District of Texas
**ENTERED**
June 14, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KOMPAN A/S and KOMPAN, INC., *Plaintiffs*, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:24-mc-814 |
| KRAFTSMAN EQUIPMENT, L.P., *Respondent*. | § § § | |

## ORDER

Before the Court is the Motion to Compel Non-Party Kraftsman Equipment, L.P. to Comply with a Properly Served Subpoena filed by Kompan A/S and Kompan, Inc. ("Plaintiffs"). (Doc. No. 1). Kraftsman Equipment, L.P. ("Kraftsman") filed a response in opposition. (Doc. No. 3). The subpoena, which is for a great number and wide variety of documents, was issued on March 27, 2024, by a court in the Western District of Texas in *Kompan v. Gametime*, No. 1:21-CV-0877 (the "Western District Litigation"). Kraftsman is a not a party to the pending Western District Litigation and filed timely objections to this same subpoena in that lawsuit. Those objections have not been ruled upon. Discovery in the Western District Litigation closed on May 7, 2024.

Two weeks after discovery closed, Plaintiffs filed this motion to compel in the Southern District of Texas. It seems that the trial court in the Western District Litigation has not yet had an opportunity to rule on Kraftman's objections to the subpoena, and this Court is unaware that any motion to compel was ever filed there. Additionally, here in Houston, Kraftsman has made objections that are substantive in nature and encompass the scope, relevance, and timeliness of Plaintiffs' subpoena.[1]

---

[1] Kraftsman also argues that the service of the subpoena was defective.

First, Kraftsman points out that Western District Local Rule CV-16(e) provides that a motion to compel must be filed well in advance of the discovery cutoff. (Doc. No. 3 at 13) ("...Absent exceptional circumstances, no motions related to discovery . . . shall be filed after the expiration of the discovery deadline...."). Thus, it seems apparent that the motion to compel was filed here because Plaintiffs had failed to file it in a timely fashion in the Western District litigation. The Court notes, however, that Plaintiffs may have filed it in the Southern District of Texas because this is arguably the district where compliance is required. While that would be a legitimate basis, there is no explanation for why Plaintiffs waited after discovery closed to file it.

Rule 45(c) and (d) contemplate that the issuing court is the appropriate court to rule on a motion to quash.

> The 1991 amendments to Rule 45(c) now make it clear that motions to quash, modify, or condition the subpoena are to be made in the district court of the district from which the subpoena issued. . . . It is the issuing court that has the necessary jurisdiction over the party issuing the subpoena and the person served with it to enforce the subpoena.

9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008). Nevertheless, this rule has been modified:

> The 2013 amendments replaced "issuing court" with "court for the district where compliance is required" as the court responsible for quashing, modifying, or enforcing a subpoena, and a new subdivision, Rule 45(f), that allows for the transfer of subpoena-related motions to the issuing district in certain circumstances.

* * *

> [Furthermore], [i]n contrast to the Committee's "exceptional circumstances" standard, many courts have transferred motions to compel based on judicial economy.[2]

---

[2] Indeed, the Austin Division of the Western District has multiple courts that have recognized this very circumstance. *See Elliot v. Mission Trust Services, LLC*, 2014 WL 7157156 (W.D. Tex. Dec. 12, 2014); *In re Cobb*, 2020 WL 4043752 (W.D. Tex. Jul. 16, 2020).

2

9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. Supp. 2023)

This case features exceptional circumstances and also highlights the need for judicial economy. First, there are apparently fifty similar subpoenas being served on non-parties throughout the nation. Second, Plaintiffs apparently filed at least nine similar motions to compel in nine different districts, in nine different states. The chance for divergent rulings is almost guaranteed. Moreover, the objections to this discovery are already pending in the Western District of Texas. While this Court has not been favored with copies of the other subpoenas served on the other non-parties, this Court will presume they raise similar problems. Thus, this Court finds that this motion to compel falls within the exceptional circumstances category contemplated by the 2013 amendments. It clearly fulfills three of the four circumstances contemplated by the Advisory Committee. The only category lacking is the consent of the parties, which this Court finds unnecessary because the issuing court and the attorneys for both sides in this matter are in Austin, and it is arguably the local rule of Western District of Texas that is allegedly being violated. With these factors in mind, this Court finds the consent of the parties/attorneys to be a non-factor.

When one adds the three factors that do exist to the obvious judicial economy gained by having one court—the court with knowledge of the case—make the most informed ruling, the transfer of this motion is an obvious and compelling result.

This is even more important in a situation like this. First of all, the Motion to Compel filed here seems to violate the local rule of the Western District of Texas.[3] Consequently, this Court would be using its discretion to allow a violation or at least a circumvention of these rules

---

[3] The Western District does permit motions after the discovery deadline if they are filed within 14 days of the discovery cutoff, but those must pertain to conduct that occurred "during the final 7 days of discovery"—an exception that has no application here.

3

by granting Movant's motion. This kind of decision should be made by the court that is most familiar with both the history, status, and issues of the case. Again, that would be the trial court in the Western District.

Moreover, the substantive objections to this discovery go to the breadth and relevance of the discovery sought. This Court would be deciding those issues in a vacuum, which would be unfair to all concerned. Finally, this transfer works no hardship on either Kraftsman or Plaintiffs as both are being represented here by counsel located in Austin. The Austin Division of the Western District of Texas itself has recognized in similar circumstances that discovery motions should be transferred to the trial court. *Elliot v. Mission Trust Services, LLC*, 2014 WL 7157156 (W.D. Tex. Dec. 12, 2014); *In re Cobb*, 2020 WL 4043752 (W.D. Tex. Jul. 16, 2020).

This Court finds pursuant to Rule 45(c), (d), and (f) that exceptional circumstances exist and consequently this matter is transferred back to the Western District court which issued the subpoena. The Court also finds the doctrine of judicial economy also favors a transfer. The district court in Austin is familiar with the substantive issues and the procedural history. That court is the only court that can uniformly and informatively address the approximately fifty subpoenas and the nine motions to compel. It is also the sole court that can make the informed decision on how to or whether to enforce the Local Rules of the Western District.

Consequently, for reasons of judicial economy in addition to the exceptional circumstances discussed above, this Court transfers this motion to the trial court that issued the subpoena. This motion is hereby transferred to the Western District of Texas, Austin Division, in *Kompan v. Gametime*, No. 1:21-CV-0877.

SIGNED this 14th day of June 2024.

Andrew S. Hanen
United States District Judge

4